IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LUTHER WILLIAM BREWER,           )
                                 )
                  Petitioner,    )
                                 )   1:12CV768
            v.                   )   1:02CR227-1
                                 )
UNITED STATES OF AMERICA,        )
                                 )
                  Respondent.    )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Luther William Brewer, a federal prisoner, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:02CR227-1, Doc. #27]. Petitioner was convicted of one count of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two) and one count of possession of a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Three). He was sentenced to 204 months of imprisonment under the Armed Career Criminal Act (ACCA) for the felon in possession count and a consecutive sixty months of imprisonment for the charge of carrying the firearm during a drug trafficking crime. Petitioner later brought the present Motion [Doc. #27].

Petitioner raises two claims in his Motion. In the first, he argues that his sentence is invalid because he no longer has the necessary predicate offenses to qualify as an Armed Career Criminal under § 924(e) in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In the second claim, he contends that a waiver of appeal and collateral review rights

contained in his plea agreement would not preclude his claim for relief under Simmons. The Government responded by filing a Motion [Doc. #35] seeking to dismiss the § 2255 Motion as untimely, barred by the plea waiver, and meritless. However, following an Order for further briefing, the Government filed a Supplemental Response [Doc. #47] conceding that, based on Simmons and the later case of United States v. Newbold, ___ F.3d ___, 2015 WL 3960906 (4th Cir. June 30, 2015), Petitioner no longer has the three required predicates for the ACCA enhancement. Based on this determination, the Government concedes that relief should be granted pursuant to 28 U.S.C. § 2255, that the sentence on Count Three in this case should be vacated, and that this matter should be set for resentencing on that Count. As part of this concession, the Government specifically waives its statute of limitations argument and no longer seeks to enforce Petitioner's plea waiver.[1] The parties thus agree that pursuant to the § 2255 Motion, Petitioner should be resentenced.

Under 18 U.S.C. § 924(e), an Armed Career Criminal 15-year mandatory minimum sentence applies if a person violates 18 U.S.C. § 922(g) as a felon in possession of a firearm and has three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). A qualifying crime is a serious drug offense for purposes of 18 U.S.C. § 924(e) if it is one "involving

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is a crime "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A).

Here, the Government points to Petitioner's breaking and entering conviction in Durham County, North Carolina on October 9, 1989, and Petitioner's common law robbery conviction in Durham County on January 26, 1994, as potential ACCA predicates. However, the Government concedes that Petitioner's third predicate conviction, a conviction for possession with intent to sell and deliver cocaine in Durham County on June 6, 1991, is no longer a proper predicate in light of Simmons, as interpreted in Newbold. The state court judgment for that offense reveals that Petitioner faced a presumptive term of three years and a theoretical maximum sentence of ten years. (Id., Attach. 7.) However, he received a sentence of five years pursuant to a plea bargain, and the state court judge made no findings of any aggravating factors. The Government concedes that, under Newbold, 2015 WL 3960906, at *6-7, Petitioner did not actually face a sentence of ten years under North Carolina's Fair Sentencing Act, which was in effect at the time of Petitioner's conviction. Therefore, this conviction no longer counts as a serious drug offense under the ACCA. Because this offense was relied upon at sentencing as an ACCA predicate conviction, the Government agrees that resentencing is appropriate, and any further issues regarding any of Petitioner's other prior convictions can be addressed at the resentencing.
.

Therefore, based on this determination, and based on the concession by the Government that Petitioner is entitled to sentencing relief under § 2255, the Court will recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence be granted as to his request for resentencing based on Simmons, that Petitioner's sentence be vacated as to Count Three, and that this matter be set for resentencing on that Count. In addition, in light of the Government's current position, the Government's prior Motion to Dismiss should be deemed withdrawn.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion under 28 U.S.C. § 2255 [Doc. #27] be GRANTED as to Petitioner's claim under Simmons, that Petitioner's sentence on Count Three be VACATED and that this matter be set for resentencing on that Count in light of the Government's concession.

IT IS FURTHER RECOMMENDED that the Government's Motion to Dismiss [Doc. #35] be deemed WITHDRAWN.

This, the 3rd day of August, 2015.

       /s/ Joi Elizabeth Peake
      United States Magistrate Judge